JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Quintis Clark, Chales Slade II, Alexander Granger, Jesse Myers, Donte Webb, Stanley Postell, Estes Walker, et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wesley Cornish, Cornerstone Legal Group 230 S Broad St, 17th FL Philadelphia, PA 19102 P:888-313-1385

**DEFENDANTS**

George Junior Republic, George Junior Republic Realty, George Junior Republic in Pennsylvania, et al.

County of Residence of First Listed Defendant    Mercer
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, 20 U.S.C. § 1681

Brief description of cause:
Deprivation of Federal Civil Rights

**VII. REQUESTED IN COMPLAINT:**

- [X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE    March 9, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 236 Kenilworth Avenue Philadelphia, PA 19120 _____

Address of Defendant: _____ 233 George Junior Road Grove City, PA 16127 _____

Place of Accident, Incident or Transaction: _____ Grove City, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/09/2023    _____ Must sign here _____    310865
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ D. Wesley Cornish _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 03/09/2023    _____ Sign here if applicable _____    310865
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

| | | |
|---|---|---|
| Quintis Clark, Charles Slade III, Alexander Granger, Jesse Myers, Donte Webb, Stanley Postell, Holden Hastings, Israel Berrios, Joseph Albino, Keyon Lucas, Omontay Monroe, Estes Walker, Plaintiffs, | : : : : : : | **United States District Court** **Eastern District of Pennsylvania** |
| **vs.** | : | |
| George Junior Republic, George Junior Republic Realty, George Junior Republic in Pennsylvania, George Junior Republic in Indiana, Inc., and John/Jane Does 1-100, Defendants. | : : : : | **Civil Division – Civil Rights** **CLASS ACTION – JURY DEMAND** **Case No.: 23-cv-902** |

## CLASS ACTION COMPLAINT

Plaintiffs Quintis Clark ("Clark"), Charles Slade III ("Slade III"), Alexander Granger ("Granger"), Jesse Myers ("Myers"), Donte Webb ("Webb"), Stanley Postell ("Postell"), Holden Hastings ("Hastings"), Israel Berrios ("Berrios"), Joseph Albino ("Albino"), Keyon Lucas ("Lucas"), Omontay Monroe ("Monroe"), and Estes Walker, ("Walker"), individually and on behalf of all others similarly situated, allege as follows, against Defendants George Junior Republic, George Junior Republic Realty, George Junior Republic in Pennsylvania, George Junior Republic in Indiana, Inc., and John/Jane Does 1-100, in their official and individual capacities (the "John/Jane Doe Defendants") (collectively "George Junior Republic", the "School", and "Defendants"):

## INTRODUCTION

1. The School operates facilities where juveniles are held in custody in Pennsylvania.

2. The School, by contract and legislation in Pennsylvania, and all the states it operates, has been delegated a critical and legislatively mandated public function: (a) to provide a custodial setting for children adjudicated delinquent in juvenile court proceedings, as well as children at risk for delinquency or criminal conduct; and (b) to carry out legislatively mandated control and related services, and to provide appropriate sanctions and rehabilitation under the laws governing punishment and treatment of juveniles for criminal acts.

1

3. George Junior Republic offers rehabilitation, education and support services for youth through a trauma-informed approach. Established in 1909 and managed by leaders and innovators in the field of juvenile justice, George Junior Republic are both community-based and residential, serving both local and out-of-state students. Available at https://gjr.org/

4. Instead of fulfilling its promise and solemn responsibility to protect these vulnerable youth, they were exposed to predators and abusers. George Junior Republic failed to enact safety measures and other policies to protect the children, failed to adequately screen, hire, train, and supervise staff, and failed to fulfill its duties under state and federal law and as a result of the Defendant's misconduct, children in George Junior Republic facilities have been reportedly sexually abused – often by George Junior Republic staff.

5. Thus, the School acts as an arm of the states and Commonwealth, where it operates, providing a core public function, and is a state governmental actor for 42 U.S.C. § 1983 liability purposes.

6. The school was acting as an arm of the states and Commonwealth, where it operates, acts under the color of law for 42 U.S.C. § 1983 liability purposes.

7. In Pennsylvania the Juvenile Court Judges Commission adopted the "Balanced and Restorative Justice" (BARJ) philosophy which requires that "youth committing delinquent acts are provided with supervision, care, and rehabilitation (the legal basis for treatment of those adjudicated in the juvenile court system in Pennsylvania) in a manner that is balanced to include (1) community protection, (2) personal and legal responsibility, and (3) competency development."

8. The School also professes to employ a "Balanced and Restorative Justice (BARJ) compliant, residential program utilizing a Sociological Model, designed to effectuate long-term behavioral change and enhance life skills development."

9.  The School program includes room and board, clothing, behavior management individual and group counseling, academic and vocational programming, medical and dental services, as well as athletic and recreational opportunities." Available at https://gjr.org/

10. The School offers services for court-adjudicated youth and non-delinquent youth. Available at https://gjr.org/

11. Defendants violated the clearly established federal Constitutional and statutory rights of Plaintiffs and those similarly situated under the Fourth, Eighth, and Fourteenth Amendments, and committed tortious conduct under state law, by subjecting Plaintiffs and those similarly situated to harmful and degrading physical, mental, and sexual abuse, including using physical force, and by failing to protect them from harm and injuries at the hands of others.

12. Defendants violated Plaintiffs' state and federal Constitutional equal rights to educational opportunities.

13. The School caused the injuries and harms to Plaintiffs and those similarly situated by failing to properly train, supervise, and discipline the John/Jane Doe Defendants and, as a result, the John/Jane Doe Defendants, as a matter of practice and custom, engaged in the prohibited conduct on a systematic basis with the expectation that their conduct would not be subject to discipline or sanctions.

14. Further, the School failed to protect Plaintiffs and those similarly situated from assaults and abuse by staff and fellow students at the School.

15. The School itself and via its staff members, individually and collectively, deprived the Plaintiffs and others similarly situated from their constitutionally guaranteed right to an education and equal educational opportunities.

16. The School has failed to properly protect Plaintiffs, and those similarly situated, and has shown a reckless disregard and deliberate indifference to the widespread violations of their rights, despite being aware for decades of the conduct of the John Doe Defendants, including the physical assaults and sexual abuse, and the corresponding lack of protection for Plaintiffs and the children residing at the School.

17. Additionally, in the Commonwealth of Pennsylvania state court, more than a seven (7), separate lawsuits, raising almost identical claims, including both physical and sexual abuse, to those contained within this complaint, including complaints for excessive force, fondling, groping, sodomy, and rape have been filed against George Junior Republic and/or the other related named Defendants.

18. Because of Defendants' conduct, Plaintiffs and those similarly situated have suffered and continue to suffer harm, including emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, all of which adversely affects their daily activities and the full enjoyment of life. Plaintiffs and others similarly situated have and will in the future sustain loss of earnings and earning capacity and have, and will, incur expenses for medical and psychological treatment, therapy, and counseling.

19. Accordingly, Plaintiffs make individual claims for the abuse they suffered and bring on behalf of others similarly situated a class action for injunctive relief to enjoin Defendant from continuing conduct that threatens imminent harm to the proposed class.

20. Plaintiffs bring this lawsuit to hold George Junior Republic accountable for the harm it caused and to prevent this devastating abuse from happening to any other child in George Junior Republic's care.

## <u>JURISDICTION AND VENUE</u>

21. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), because Plaintiffs allege actions arising under the laws of the United States, including 20 U.S.C. § 1681 and 34 U.S.C. § 2034, in addition to 28 U.S.C. § 1343, and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988, and deprivation of their federal constitutional rights to equal educational opportunities.

22. At all relevant times, all Defendants acted under the color of state law.

23. This Court has subject matter jurisdiction over class claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because: (1) Plaintiffs seek to represent a nationwide class of individuals who were sexually, physically and/or emotionally abused at George Junior Republic, and were deprived

of educational opportunities; (2) the amount in controversy exceeds $5,000,000, excluding interest and costs; (3) the proposed class consists of more than 100 individuals; and (4) none of the exceptions under the subsection applies to this action.

24. This Court has subject matter jurisdiction over individual claims brought by Plaintiffs, based on the diversity of the parties pursuant to 28 U.S.C. § 1332. Defendant George Junior Republic is a citizen of the state of Pennsylvania, where they are headquartered, incorporated, and operate their principal places of business. Plaintiff Walker is a citizen of Michigan. The amount in controversy, without interest and costs, exceeds $75,000.

25. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

26. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events and/or omissions giving rise to the claim occurred in this district.

## **PARTIES**

1. Plaintiff is **Quintis Clark**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

2. Plaintiff is **Charles Slade III**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

3. Plaintiff is **Alexander Granger**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

4. Plaintiff is **Jesse Myers**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

5. Plaintiff is **Donte Webb**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

6. Plaintiff is **Stanley Postell**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

7.  Plaintiff is **Holden Hastings**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

8.  Plaintiff is **Israel Berrios**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

9.  Plaintiff is **Joseph Albino**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

10. Plaintiff is **Keyon Lucas**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

11. Plaintiff is **Omontay Monroe**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

12. Plaintiff is **Estes Walker**, an individual and resident of the United States of America, and the State of Michigan.

13. Defendant, **George Junior Republic** is a registered business with a corporate headquarters office at 233 George Junior Road Grove City, PA 16127.

14. Defendant, **George Junior Republic Realty** is a registered business with a corporate headquarters office at 233 George Junior Road Grove City, PA 16127.

15. Defendant, **George Junior Republic in Pennsylvania** is a registered business with a corporate headquarters office at 233 George Junior Road Grove City, PA 16127.

16. Defendant, **George Junior Republic in Indiana, Inc.,** is a registered Indiana business with a business office at 1531 13th Street #G800 Columbus, IN 46933 in the care of Michelle Gerwick, and governed by a CEO Nathan Gressel, CFO Michelle Gerwick, Chairman Mark Aletto, and Vice Chair Michael Clancy all with the same registered address at 233 George Junior Road Grove City, PA 16127.

17. Defendants John/Jane Does 1-100 are current and former managers, administrators, supervisors, teaching staff, medical staff, and others who have been employed by or were under the control of the School, who abused and/or facilitated the abuse of children at the School.

## TOLLING OF STATUTE OF LIMITATIONS

18. The statute of limitations to file claims for physical, emotional, deprivation of educational opportunities, and/or sexual abuse is tolled based on the decisions in *American Pipe*[1] and its progeny.

19. The statute of limitations is also tolled based on the doctrines of continuing violations and fraudulent concealment.

20. Upon information and belief, physical, emotional, and/or sexual abuse of George Junior Republic patients occurred as early as 1998, and has continued until at least 2019, if not the present.

21. Tolling of the statute of limitations based on fraudulent concealment occurs where the entity liable for the claim fraudulently conceals the existence of the claim or the identity of any person liable for the claim from the knowledge of the person entitled to sue and to satisfy the equitable principle of fraudulent concealment in order to toll the statute of limitations, in Pennsylvania, case law agree that Plaintiffs must show: (1) successful concealment of the causes of action; and (2) fraudulent means to achieve that concealment[2].

22. George Junior Republic concealed the existence of Plaintiffs' claims and the fact that Plaintiffs had causes of action against them at the time the physical, emotional, and sexual abuse occurred by making material representation(s) to Plaintiffs involving a past or existing fact by, including but not limited to:

   a. Misrepresenting that the abuse experienced by Plaintiffs was part of their treatments, in part by accompanying the abuse with actual medical treatments including during therapeutic sessions

---

[1] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)
[2] *See Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005)

b. Misrepresenting that the abuse experienced by Plaintiffs was appropriate by taking advantage of the vulnerability of patients who were looking for adults whom they could trust and who made them feel safe, including by: building trust with patients as a method of grooming them for sexual abuse, bringing gifts to their patients, providing patients with extra privileges, and exchanging "love letters" with their patients

c. Representing that George Junior Republic's physical, emotional, and sexual abuse of Plaintiffs was normal, medically necessary, proper, appropriate, legitimate, and/or medically beneficial, generally;

d. Representing that George Junior Republic was not physically, emotionally, and sexually assaulting Plaintiffs;

e. Representing that Plaintiffs should not question and/or report the conduct to appropriate authorities; and

f. Representing that there was no possible cause of action against George Junior Republic.

23. The material representation(s) to Plaintiffs were false in that George Junior Republic was actually physically, emotionally, and sexually violating Plaintiffs.

24. When George Junior Republic made the material representation(s), they knew or should have known that the representations were false in that the treatment of Plaintiffs was not proper, appropriate, legitimate, and/or considered within standard of care by any physician of any specialty.

25. George Junior Republic made the material representations recklessly, without any knowledge of their truth and as a positive assertion, in that they had previously received strikingly similar complaints of physical, emotional, and sexual abuse by George Junior Republic staff from other previous patients and knew that the appropriateness of their conduct had been questioned in the past.

26. Defendant's representations were material, in that had Plaintiffs known the representations were false, they would have stopped seeking treatment from George Junior Republic immediately.

27. George Junior Republic made the material representation(s) with the intent that the material representation(s) should be acted upon by Plaintiffs in that Plaintiffs should believe that their treatment at George Junior Republic's facilities was proper, appropriate, and legitimate; should not believe that they had been abused; should continue to be treated at George Junior Republic's facilities so that the abuse could continue; should not question and/or report the conduct to appropriate authorities; and should not reasonably believe and not be aware of a possible cause of action that they have against George Junior Republic.

28. Plaintiffs acted in reliance upon the material representation(s) in that they: (a) reasonably believed that their treatment was proper, appropriate, and legitimate; (b) reasonably did not believe that they had been physically, emotionally, and sexually abused; and (c) did not believe that they should question and/or report the conduct to appropriate authorities.

29. In addition to affirmative false representations, Defendant failed to disclose to Plaintiffs that they were being abused and that George Junior Republic had a history of committing physical, emotional, and sexual assaults in the guise of medical treatment.

30. Defendant's representations caused Plaintiffs to be exposed to the risk of physical, emotional, and sexual abuse by George Junior Republic staff, and to actually be physically, emotionally, and/or sexually abused by George Junior Republic staff.

31. George Junior Republic is equitably estopped from relying upon a statute of limitations defense because of its gross negligence and silence as well as its active and deliberate efforts to deceive Plaintiffs and to conceal their unlawful and grossly negligent conduct. Through its gross negligence and silence, George Junior Republic encouraged and influenced Plaintiffs to act to their disadvantage by telling them that their complaints about physical, sexual, and emotional abuse were unfounded, encouraging them to continue seeking treatment at Defendant's facilities and making them feel ashamed, such that Plaintiffs

could not discover the nature, scope, and magnitude of Defendant's misconduct. As set forth herein, Defendant also took active steps to misrepresent material facts.

32. Plaintiffs' claims should be equitably tolled because any alleged failure to meet any deadline unavoidably arose from circumstances beyond Plaintiffs' control. George Junior Republic concealed material facts regarding George Junior Republic's misconduct and for decades Defendant misrepresented and fraudulently concealed this activity and the substantial risks posed by that misconduct.

33. George Junior Republic intended for the public, including Plaintiffs, to be deceived by this fraud such that George Junior Republic's conduct remained unstopped for decades and the repercussions of their misconduct was not dealt with to the detriment of Plaintiffs. As set forth herein, Defendant knew the actual facts, that George Junior Republic staff have been abusing their youth for decades, and that Defendant knowingly did nothing to stop it.

34. Plaintiffs' damages, as herein alleged, were proximately caused by George Junior Republic.

35. As minors, Plaintiffs did not know, could not have reasonably known, and were not reasonably aware of a possible cause of action that they had against George Junior Republic at the time that such abuse occurred.

## **FACTUAL BACKGROUND**

A. **Defendants Had A Duty To Provide A Safe And Secure Facility For Juveniles and Provide Educational Opportunities Committed Or Otherwise Housed At The School Pursuant To Constitutional and State Law Mandates.**

36. At all times the Defendant and all its staff members, workers, employees, servants, voluntary, and the like were mandatory reporters pursuant to Pennsylvania law and were required to report any suspected child abuse pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; 42 Pa.C.S.A. §§ 6327(a) *et seq*.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

37. The Defendant accepted juveniles for placement pursuant to court orders issued from various county and state governmental units.

38. The School serves as a custodial facility for the placement of juvenile court adjudicated youths, aged 8-18, and other at-risk youth. Founded in the early 1900s, the School has provided juvenile residential care since its inception. It claims to assess the unique needs of each student, teach tools for success and offer meaningful opportunities for personal growth.

39. Children with a wide range of backgrounds, abilities, and diagnoses receive treatment from George Junior Republic programs. George Junior Republic offers many clinical, therapeutic, educational and employment programs for children with special needs and their families. Some youth and families receive less-intensive services from George Junior Republic such as outpatient behavioral health therapy, family-based mental health services, and various types of consultation-based support. Other non-residential programs include day schools for youth with intellectual/developmental disabilities and autism spectrum disorders. George Junior Republic's more intensive residential programs include therapeutic boarding schools, therapeutic group homes, supervised independent living facilities, an intensive residential treatment program for children who have experienced sexual exploitation, and psychiatric specialty hospitals.

40. For the children who were abused at a George Junior Republic facility, it was almost impossible to get help or stop the abuse because George Junior Republic reportedly limited the contact many of them had with the outside world, limiting phone calls thereby trapping children with their abusers.

41. Nor was there any clear and safe mechanism by which victims could report abuse within George Junior Republic; as reported, those who did report were disbelieved, or worse, retaliated against, exacerbating and amplifying the trauma of the actual abuse.

42. Many of the children who were abused at George Junior Republic were vulnerable, intellectually disabled, and already fleeing from abuse.

43. George Junior Republic staff members also took advantage of children who had already been victims of sexual abuse and were at George Junior Republic to seek healing.

44. The power differential between children with physical, emotional and/or intellectual disabilities and behavioral health staff is distinctively extreme. Youth with disabilities are easily targeted because they are more likely to be perceived as weak or vulnerable, and are seen as less likely to report abuse, especially when the victim has limited communication abilities or cognitive impairments. Especially in a group home or residential treatment setting, abuse can more easily be hidden and children Granger have limited access to police, advocates, or social services representatives who can intervene[3].

45. Despite Defendant's awareness of decades of systematic sexual and physical abuse of children in its care, George Junior Republic has failed to enact appropriate uniform national and system-wide protocols and policies to ensure the safety of its youth. George Junior Republic acted with an extreme disregard for the wellbeing of children in its programs by failing to properly screen, hire, and train employees, failing to report known abuse of youth in George Junior Republic facilities, and ignoring and covering up complaints alleged against it regarding child abuse.

46. Despite this keen awareness of decades of systematic sexual and physical abuse of children in its care, George Junior Republic has failed to enact sufficient measures to ensure the safety of their youth.

47. Moreover, George Junior Republic's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its patients exacerbates and amplifies the trauma of the actual abuse due to institutional betrayal.

48. The term "Institutional Betrayal" refers to wrongdoings perpetrated by an institution upon individuals dependent on that institution, including failure to prevent or respond supportively to wrongdoings by individuals (*e.g.,* physical, emotional, and sexual abuse) committed within the context of the institution.

---

[3] https://www.childwelfare.gov/topics/can/factors/

49. Indeed, George Junior Republic's culture of indifference to the safety and well-being of its patients has caused abuse and sexual violence to flourish at George Junior Republic for decades and this toxic culture continues to thrive to this day, even affecting staff.

50. These failures, acts, and egregious omissions created a highly dangerous risk of physical, emotional, and sexual abuse for any child placed in a George Junior Republic program or facility across the nation. This pervasive culture of abuse allowed perpetrators access and opportunity to abuse highly vulnerable children and young adults, and gave them the impunity to act without the risk of detection or punishment.

51. Children arrive at George Junior Republic facilities seeking treatment, healing, and belonging. For decades, George Junior Republic has abused the trust that families have placed in it by allowing a culture of abuse, exploitation, and trauma.

52. The School is funded in large part by the Commonwealth of Pennsylvania and other government jurisdictions and agencies, both inside and outside Pennsylvania, to provide services mandated by law for children who have been adjudicated as delinquent in juvenile court.

53. The School asserts it provides a rehabilitative as opposed to a punishment based program for juvenile offenders and delinquent youth, including Plaintiffs. The School further states that it provides evidence-based programs such as "Positive Behavioral Intervention Supports, Moral Recognition and Coping with Anger" to tum its students away from crime.

54. The School has been the recipient of placements and commitments of juveniles from Pennsylvania, Indiana, Ohio, Michigan, and other states by virtue of its promise of a progressive and effective program for delinquent children, with proven services. The School has assiduously sought recognition as a model reform school, and has achieved that status, at least for some, as "the Harvard of reform schools." For example, Indiana, Ohio, Michigan, and many Pennsylvania counties placed juveniles at the School.

55. Defendants have the duty to provide treatment, supervision, and rehabilitation in accordance with federal and state Constitutional standards, via the Pennsylvania Juvenile Act, and prevailing standards for the care and custody of juveniles in need of treatment and supervision. As detailed in this Complaint, Defendants have failed to provide these services in accord with Constitutional, statutory and community standards of care.

**B.  Facts as to Quintis Clark**

56. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

57. Plaintiff resided at George Junior Republic from approximately 2014-2015 when he was approximately 17 years old.

58. Plaintiff Clark resided at George Junior Republic pursuant to a court-order issued by a judge in the Philadelphia County Court of Common Pleas.

59. At all times material hereto, **Supervisor Hurshurger** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

60. Plaintiff returned to the facility from a weekend home pass when he was sent to the shower area, and while naked and showering there were 5-6 staff members, including **Supervisor Hurshurger** who were watching Plaintiff, then hit him and anally raped him.

61. Plaintiff saw another staff member masturbating and ejaculating on top of his body.

62. Specifically, regarding staff member(s) **Supervisor Hurshurger** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**C.  Facts as to Charles Slade III**

63. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

64. Plaintiff resided at George Junior Republic from approximately 2006-2010 when he was approximately 15-17 years old.

65. Plaintiff Slade III resided at George Junior Republic pursuant to a court-order issued by a judge in the Dauphin County Court of Common Pleas.

66. At all times material hereto, **Staff Nurse Assistant**, was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

67. The **Staff Nurse Assistant**, would take Plaintiff into the unit bathrooms and use his hands to stroke, fondle, and grope Plaintiff's penis.

68. After the **Staff Nurse Assistant** would force Plaintiff to ejaculate she would lick it off of his body and swallow it.

69. On other occasions one of Plaintiff's **Female Cottage Parent** would fondle and grope Plaintiff's genitals over his clothing.

70. Specifically, regarding staff member(s) **Staff Nurse Assistant and Female Cottage Parent** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**D.  Facts as to Alexander Granger**

71. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

72. Plaintiff resided at George Junior Republic from approximately 2009-2010 when he was approximately 14-15 years old.

73. Plaintiff Granger resided at George Junior Republic pursuant to a court-order issued by a judge in the Chester County Court of Common Pleas.

74. At all times material hereto, **Ms. Betty, Mr. Steve, and Mr. Mario** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

75. **Ms. Betty** interacted with Plaintiff weekly and was also the person who went t court with Plaintiff, and after one hearing she told Plaintiff he had a lot of write ups and if he wanted to go home he would have to do something for her, and when she asked Plaintiff if he was a virgin and he replied no, **Ms. Betty**,

told Plaintiff "you won't have to do anything you haven't done before", then pulled Plaintiff's pants down commented on the size of his penis and began fondle, stroking, and groping his genitals.

76. **Ms. Betty** assaulted Plaintiff in a similar manner on more the 3 instances.

77. In a separate incident **Ms. Betty** forced Plaintiff to perform oral sex on her by placing his mouth onto her vagina.

78. **Ms. Betty** forced Plaintiff to perform oral sex on her in an identical manner on 2 more instances.

79. When **Ms. Betty** tried to make the Plaintiff perform oral sex onto her a third time, he resisted due to pungent odor, and **Ms. Betty** got angered and then wrote Plaintiff up for threatening a staff member and was completely unresponsive to therapy and went to court and told the judge the same.

80. After Plaintiff was written up by **Ms. Betty**, yet before he went to court, she had other staff members, including **Mr. Steve and Mr. Mario**, sexually assault Plaintiff.

81. While Plaintiff was showering **Mr. Steve and Mr. Mario** entered and while Plaintiff was naked both staff members grabbed his buttocks and squeezed Plaintiff's testicles.

82. Then **Mr. Steve** began gyrating and grinding his erect penis onto Plaintiff's face, asking him " if this what he like?".

83. Specifically, regarding staff member(s) **Ms. Betty, Mr. Steve, and Mr. Mario** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**E.  Facts as to Jesse Myers**

84. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

85. Plaintiff resided at George Junior Republic from approximately 2012-2013 when he was approximately 15-16 years old.

86. Plaintiff Myers resided at George Junior Republic pursuant to a court-order issued by a judge in the Philadelphia County Court of Common Pleas.

87. At all times material hereto, **Ms. D** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

88. **Ms. D**, allowed Plaintiff to make a call, and then placed her head on his thigh and began rubbing his penis outside his clothing, and started groping him.

89. Specifically, regarding staff member(s) **Ms. D** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**F. Facts as to Donte Webb**

90. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

91. Plaintiff resided at George Junior Republic from approximately 2015-2016 when he was approximately 15-16 years old.

92. Plaintiff Webb resided at George Junior Republic pursuant to a court-order issued by a judge in the Montgomery County Court of Common Pleas.

93. For at least part of the time Plaintiff was assigned to the Special Needs 2 Unit.

94. At all times material hereto, **Ferguson** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

95. While on the Special Needs 2 Unit, staff member **Ferguson** sexually abused Plaintiff.

96. While lying down on his bed staff member Ferguson would enter and would grope Plaintiff's genitals.

97. Also, whenever Plaintiff violated any rules, he would be taken to the back of closet 3 inside the Special Needs 2 Unit, and staff members including **Ferguson and Adrian Coleman** would squeeze his genitals extremely hard, while being told not to report anything.

98. Plaintiff had his genitals squeezed tightly by **Ferguson and Adrian Coleman** on more than 3 instances.

99. Specifically, regarding staff member(s) **Ferguson and Adrian Coleman** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**G.  Facts as to Stanley Postell**

100.    While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

101.  Plaintiff was housed at George Junior Republic from between approximately 2009-2010 when he was 14-15 years old.

102.    Plaintiff Postell resided at George Junior Republic pursuant to a court-order issued by a judge in the Philadelphia County Court of Common Pleas.

103.    At all times material hereto, **Mr. Rex, Ms. Morgan, and Mr. Burt** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

104.  While living in Cottage G, **Mr. Rex** on several instances fondled and groped Plaintiff's genitals both over and underneath his clothing.

105.   Plaintiff was subsequently moved to a separate unit Cottage S, where he was sexually assaulted by **Ms. Morgan and Mr. Burt**.

106.  **Ms. Morgan** forced Plaintiff to engage in oral sex by placing his tongue and mouth onto her vagina.

107.  Another staff member in Cottage S, **Mr. Burt**, forced Plaintiff and another student to masturbate while he recorded them with his phone.

108.  Specifically, regarding staff member(s) **Mr. Rex, Ms. Morgan, and Mr. Burt** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**H.  Facts as to Holden Hastings**

109.  While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

110.  Plaintiff resided at George Junior Republic from approximately 2011-2012 when he was approximately 11-12 years old.

111.  Plaintiff Hastings resided at George Junior Republic pursuant to a court-order issued by a judge in the Clinton County Court of Common Pleas.

112.  At all times material hereto, **Matt** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

113.  **Matt** would restrain me on multiple occasions by slamming him onto the mats in the padded room, punching Plaintiff in his stomach, while kicking him in the ribs, and afterwards forcibly removing Plaintiff's clothes and fondling, stroking, and groping his penis and genitals.

114.  On multiple other instances **Matt** would force Plaintiff to engage in oral sex by making Plaintiff place his mouth onto this staff member's penis and genitals.

115.  Whenever Plaintiff tried to stop sexual abuse **Matt** would threaten to take away his phone calls, visits, food/meals, in addition to physically assaulting him.

116.  Specifically, regarding staff member(s) **Matt** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**I.  Facts as to Israel Berrios**

117. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

118. Plaintiff resided at George Junior Republic from approximately 2014 when he was approximately 13-14 years old.

119. Plaintiff Berrios resided at George Junior Republic pursuant to a court-order issued by a judge in the Monroe County Court of Common Pleas.

120. At all times material hereto, **Mr. Eric, Mr. Larmone, and Ms. Erika** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

121. Plaintiff was living part of the time on the Diagnostic Unit.

122. **Mr. Eric, Mr. Larmone, and Ms. Erika** were restraining Plaintiff for not properly following the lunch line and food requests procedures, and while doing so pinned him to the ground, while Mr. Larmone pulled Plaintiff's pants down then these staff members placed hand sanitizer onto their hands and inserted them into Plaintiff's anus.

123. Also **Mr. Eric, Mr. Larmone, and Ms. Erika** inserted a pen into Plaintiff's rectum.

124. While having a pen repeatedly shoved into his anus, Mr. Eric asked Plaintiff "if he was still a tough guy and had learned his lesson".

125. Specifically, regarding staff member(s) **Mr. Eric, Mr. Larmone, and Ms. Erika** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**J. Facts as to Joseph Albino**

126. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

127. Plaintiff resided at George Junior Republic from approximately 2009-2010 when he was approximately 16-17 years old.

128. Plaintiff Albino resided at George Junior Republic pursuant to a court-order issued by a judge in the Berks County Court of Common Pleas.

129. At all times material hereto, **Ms. Beverly**, was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

130. In Henderson Cottage **Ms. Beverly** was his counselor and controlled when Plaintiff received home passes and ultimately would be discharged from the program, as she used this position to sexually assault Plaintiff by fondling his penis.

131. Specifically, regarding staff member(s) **Ms. Beverly** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**K.  Facts as to Keyon Lucas**

132. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

133. Plaintiff resided at George Junior Republic from approximately 2015-2016 when he was approximately 13-14 years old.

134. Plaintiff Lucas resided at George Junior Republic pursuant to a court-order issued by a judge in the Erie County Court of Common Pleas.

135. At all times material hereto, **Mr. Preston**, was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

136. On multiple occasions while being restrained by staff members, including **Mr. Preston**, Plaintiff would have his genitals groped.

137.  On multiple other occasions Plaintiff was restrained by **Mr. Preston** and other staff members for not touching his penis pursuant to their orders.

138.  Specifically, regarding staff member(s) **Mr. Preston** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

**L.  Facts as to Omontay Monroe**

139. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

140. Plaintiff resided at George Junior Republic from approximately 2014-2015 when he was approximately 14 years old.

141. Plaintiff Monroe resided at George Junior Republic pursuant to a court-order issued by a judge in the Allegheny County Court of Common Pleas.

142. At all times material hereto, **Mr. Ernie and Ms. Jackie**, was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

143.  While restraining Plaintiff, staff members **Mr. Ernie and Ms. Jackie** touched Plaintiff's penis with their hands on multiple occasions.

144.  On a separate instance **Mr. Ernie and Ms. Jackie** sodomized Plaintiff.

145.  Specifically, regarding staff member(s) **Mr. Ernie and Ms. Jackie** it is averred the physical contact

made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the

aforementioned individual.

**M. Facts as to Estes Walker**

146. While housed at George Junior Republic Plaintiff was subjected to sexual abuse.

147. Plaintiff resided at George Junior Republic from approximately 2008-2010 when he was approximately

14-16 years old.

148. Plaintiff Walker resided at George Junior Republic pursuant to a court-order issued by a judge in the

Genesee County Court in Michigan.

149. At all times material hereto, **Mr. Scott**, was a staff and/or teacher and/or counselor and/or ostensible

agent at/of VisionQuest.

150.  Plaintiff was punched by **Mr. Scott** and simultaneously choked causing Plaintiff extreme pain, which

lead to **Mr. Scott** forcing Plaintiff to perform oral sex on him by placing his mouth and tongue onto **Mr.**

**Scott's** genitals.

151.  While Plaintiff was being forced to perform oral sex, **Mr. Scott**, punched Plaintiff in the back of his

head causing him to choke.

152.  Plaintiff believes he was sexually assaulted by **Mr. Scott** at or near the Unit #4 Time Out Room.

153.  On multiple instances **Mr. Scott** raped Plaintiff by inserting his penis into Plaintiff's rectum, causing

him extreme pain, while concurrently threatening to kill Plaintiff if he said anything.

154.  Specifically, regarding staff member(s) **Mr. Scott** it is averred the physical contact made with

Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the

aforementioned individual.

**N.** **Defendants' Violations of the Constitutional Rights of Plaintiffs and the Class, Abuse of Trust, and Violations of the Standard of Care Pursuant to the States and Commonwealth's Respective Laws, Rules, Regulations, and Statutes**

155.  The School is situated in a pastoral setting with historic buildings and has been marketed as a sought-after placement for juvenile detention, due to its campus, professed commitment to humane and evidence-based treatment, and successful athletic program.

156.  In reality, the School is not idyllic, nor does it provide the services and programs it has advertised. To the contrary, it has for decades failed to provide a safe and secure facility and has abetted and tolerated practices and customs of negligent, reckless, and unconstitutional force and other abuses of those committed for treatment and education.

157.  Under its veneer of civility, there is a Dickensian "culture of violence" and intimidation at the School that has severely impacted Plaintiffs and other children through systematic uses of force, threats of longer sentences for those who report the abuse, and detention beyond commitment dates for those students with injuries that would be noticed upon release from the School.

158.  Based on the prior news reports, the numerous lawsuits, internal complaints by Plaintiffs and other similarly situated, the Defendants knew or should have known about child abuse occurring at its facilities.

159.  The School's students also reported officials lying about the rampant child abuse and systematic attempts by the School and its staff to hide the abuse, going so far as intercepting letters and students getting "beat down" for reporting the abuse to law enforcement and third-party officials with the students often too afraid to report the abuse because they feared retaliation.

160.  The pattern of assaults and child abuse was at various times abetted and promoted by threats to students who were prepared to report the abuses, that they would have to go to a worse placement, have their criminal probation violation, their sentences extended, and/or having to do their time all over again.

## CLASS ACTION ALLEGATIONS

161.  Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action

under Rules 23(a), (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

162.  Plaintiffs bring their Injunctive Relief claim individually and as a class action pursuant to Fed. R. Civ.

Pro. 23(a) and (b)(2).

163.  Plaintiffs will request the Court certify the following class:

**"All persons who are currently and/or have previously attended, resided, and/or were court ordered into placement, at any George Junior Republic, juvenile facility, juvenile detention, juvenile placement, and/or holding facility, in any state, Commonwealth, or jurisdiction, and while at any or in connection with any of the Defendants' facility(ies) were subjected to either physical, mental, and/or sexual abuse by any of the named Defendants, and/or their staff members, volunteers, agents, servants, employees, or the like while juveniles, and/or either had their educational opportunities deprived, are having their educational opportunities deprived, and/or are at threat to have their educational opportunities deprived (the "Class")."**

164.  The definition of juvenile for purposes for this class, includes individuals who were held in custody at

any of these Defendants' identified juvenile placement and/or residential care facilities, after their 18th

birthday and until their 22nd birthday, and suffered abuse after their 18th birthday and before their 22nd

birthday, and their respective statutes of limitations for filing an injury claim had not otherwise expired.

165.  The Class excludes all School employees and contractors.

166.  Typicality: Plaintiffs' claims are typical of the claims of each class member in that Plaintiffs, like all

class members, were enrolled in a George Junior Republic program and therefore subjected to the same

policy and practice of negligent supervision and systematic abuse by staff. Plaintiffs and the class

members were injured through George Junior Republic's failure to protect them, and Plaintiffs are

advancing the same legal theories on behalf of themselves and the Class.

167.  Adequacy: Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests

and the interests of all other members of the Class are identical, and Plaintiffs are cognizant of their duty

and responsibility to the Class. Accordingly, Plaintiffs can fairly and adequately represent the interests

of the Class. Moreover, Plaintiffs' counsel are competent and experienced in litigating class actions,

including litigation of this kind. Plaintiffs and counsel intend to vigorously prosecute this case and will fairly and adequately protect the Class's interests.

168. Plaintiffs reserve the right to amend or modify the Class definition or create a subclass(es) upon further investigation and following discovery.

169. Commonality: There are numerous questions of law and fact common to the Class. Questions common to the class include:

    a. The extent of Defendant's knowledge of or deliberate indifference to the pattern of abuse and neglect of youth in their programs.

    b. Whether George Junior Republic had a duty to implement and enforce more comprehensive rules, regulations, policies, and procedures regarding the staffing, training, supervision, and management of staff at their facilities.

    c. Whether George Junior Republic's pattern of negligent staffing constituted a breach of their duty to supervise and care for children who were placed in their custody.

    d. Whether Defendant's polices, practices, and customs failed to satisfy their duty to report abuse as required under federal law for all persons engaged in a professional capacity working with children, such as teachers, social workers and physicians; such persons are required to report incidents of child abuse that occur while such person is engaged in a professional capacity in a federally "contracted" facility. 34 U.S.C. § 23041(a)(1).

    e. Whether George Junior Republic's actions caused the Plaintiffs and class members to have been deprived of educational opportunities.

    f. The scope of the injunctive relief and damages to which the Plaintiffs and members of the Class are entitled.

    g. Whether Defendants violated 42 U.S.C. Section 1983;

h.  Whether Defendants violated the Fourth, Eighth and Fourteenth Amendments to the United States Constitution;

i.  Whether Defendants violated 23 Pa. C. S. § 6311, 49 Pa. C. S § 45.402, and all other related state and federal child abuse reporting laws;

j.  Whether the Defendants violated the respective child abuse reporting statutes, and other related child abuse protection laws for each state where it operated;

k.  Whether Defendants are liable for negligence;

l.  Whether Defendants acted in a manner of reckless indifference;

m.  Whether Defendants knew of the pattern of abuse at the School;

n.  Whether the School is liable for negligent hiring, retention, and supervision; and

o.  Whether there was a pervasive environment of abuse at the School that can be remedied by an injunction and/or declaratory relief.

170.  Equitable Relief: Class action is appropriate under Rule 23(b)(2) because George Junior Republic has acted and refused to act on grounds generally applicable to the Class as a whole, such that final injunctive relief is appropriate with respect to the Class as a whole. Such injunctive relief includes, but is not limited to, the implementation of systemic changes to prevent such conduct in the future as mentioned above.

171.  This action, in part, seeks declaratory and injunctive relief, and a writ of mandamus to compel Defendants to meet their obligations under 23 Pa. C. S. § 6311 and 49 Pa. C. S § 45.402 ("Mandatory Reporting Obligations") on both a historical and going-forward basis, and require the School to provide sufficient evidence to the Court that they have and will do so, and to compel Defendants to make a complete disclosure of all records and information in their possession, custody or control during the time period from January 1, 2000 to the present pertaining to the abuse of children and students at the School. Plaintiffs request that the Court appoint a special master or undertake other appropriate measures to

ensure that sensitive information about the victims of Defendants' abuse remains confidential (unless authorized by a victim/survivor) and, additionally, provide a mechanism for the victims of abuse to review records pertaining to them to verify that they exist, are accurate and complete, and are available to be reviewed by Pennsylvania government officials and law enforcement. As such, class certification under Fed. R. Civ. P. 23(b)(2) is appropriate.

172.   All Class members were subject to a pattern or practice of similar abuse. Defendants acted on grounds generally applicable to all Class members, making final equitable relief to the Class as a whole appropriate.

173.   The members of the Class are so numerous that joinder of all members in one action is impracticable. Hundreds, and possibly thousands of boys have attended the School and been subjected to the widespread abuse occurring at the School. The Class members can be identified in the discovery process through Defendants' records and the records of the jurisdictions that placed students at the School. Furthermore, notice can be provided by the Court to all persons who have attended the School so that those who have been abused will have the opportunity to report the abuse in a safe environment.

174.   Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all Class members were harmed in a similar fashion by Defendants' wrongful and abusive conduct while attending the School.

175.   Plaintiffs seek to hold Defendants accountable for the wrongs they have committed and to make the Class whole. Plaintiffs are committed to fairly, adequately, and vigorously representing and protecting the interests of the Class. Plaintiffs have retained the undersigned counsel who are qualified and experienced in class action litigation of this kind. Neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this action. In addition, Defendants have no defenses unique to Plaintiffs.

176.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform conduct and practices, resulting in common violations.

177.  It would be difficult for many of Class members to pursue individual relief due to the nature of the harm, distance from Pennsylvania and because they were court-reported to the School as adjudicated youths. In addition, many of the Class members come from low-income homes, lack resources, and consequently, are particularly vulnerable to Defendants' abuse, especially without means of redress via a class action.

178.  It would be virtually impossible for individual Class members to obtain effective relief, including, without limitation, effective injunctive and declaratory relief, from Defendants' actions absent certification of a class action.

179.  Individual litigation of multiple cases would be highly inefficient and a waste of judicial and party resources. Moreover, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent results.

180.  Class members do not have an interest in pursuing separate actions against Defendants, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.

181.  Plaintiffs are aware of no difficulties regarding the management of this litigation which would preclude its maintenance as a class action.

182.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum where the School resides and where the acts of abuse alleged herein took place.

## CAUSES OF ACTION

### Federal Claims Pursuant to the United States Constitution

### COUNT 1 – Violations of Title IX 20 U.S.C. § 1681 *et seq.* – Creation of Sexually Hostile Culture/Heightened Risk of Sexual Harassment

183.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

184.  Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states: "No person in the United States shall, on the basis of sex, . . . be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ."

185.  Title IX is implemented through the U.S. Department of Education ("DOE") regulations, which apply to "every recipient and to the education program or activity operated by such recipient which receives Federal financial assistance," 34 C.F.R. § 106.11, and which cover sexual harassment—including sexual assault—by school employees, students, and third parties.

186.  Federal DOE regulations further provide that recipients of federal financial assistance shall investigate complaints of noncompliance with those regulations, 34 C.F.R. § 106.8(a), which include sexual assault, sexual abuse, and sexual harassment.

187.  The DOE regulations further require that recipients of federal financial assistance "shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part." 34 C.F.R. § 106.8(b).

188.  Plaintiffs are "persons" under Title IX.

189.  George Junior Republic's programs and facilities consist of educational programs including day schools, special education programs, vocational training, therapeutic boarding schools, and residential education programs. Education is a primary aspect of the services George Junior Republic provides to its patients and residents, placing George Junior Republic squarely in the purview of Title IX.

190.  Defendant receives federal financial assistance for its education programs and is therefore subject to the provisions of Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.*, and its implementing regulations at 34 C.F.R. §§ 106.1 *et seq.*

191.  Under Title IX, George Junior Republic was required to promptly investigate and address allegations, reports, and complaints of sexual harassment, assault, and abuse of youth in its programs.

192.  Plaintiffs were subject to sexual harassment, abuse and assault by George Junior Republic staff members while students, patients, and/or residents at Defendant's facilities and programs as described above, including: experiencing unwelcome conduct of a sexual nature (such as unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature); sexual contact with a minor; and repeated sexual grooming behaviors.

193.  The sexual harassment, abuse, and assault experienced by Plaintiffs at George Junior Republic constitutes sex discrimination under Title IX. As explained in Title IX guidance issued by the U.S. Department of Education's Office for Civil Rights, sexual harassment of students is a form of sex discrimination covered by Title IX[4].

194.  George Junior Republic was on notice of the conduct as described above, but nonetheless failed to carry out its duties to investigate and take corrective action under Title IX, including through complaints by Plaintiffs directly to George Junior Republic staff that they were being abused and assaulted.

195.  George Junior Republic is, and has been, deliberately indifferent to the substantial risk of sexual abuse, assault, and molestation posed to all youth who enter their programs and treatment centers. After receiving numerous complaints regarding the sexual abuse of residents, being subjected to dozens of news articles highlighting such abuse, and undergoing a number of prior lawsuits regarding sexual abuse

---

[4] https://www2.ed.gov/about/offices/list/ocr/docs/sexhar00.html

of George Junior Republic youth, Defendant ignored the sexual abuse occurring under its watch and allowed it to continue.

196.  George Junior Republic is responsible for setting and approving all national, organization-wide policies and protocols for George Junior Republic programs and operations, including sex discrimination policies.

197.  George Junior Republic failed to promptly investigate and address allegations, reports, and complaints of sexual harassment, assault, and abuse of youth in their programs.

198.  By failing to promptly investigate and address allegations, reports, and complaints of sexual harassment, assault, and abuse of youth in its programs.

199.  The sexual harassment, abuse, and assault experienced by Plaintiffs at George Junior Republic was so severe, pervasive and objectively offensive that it effectively barred access to an equal opportunity to education for Plaintiffs.

200.  As a direct and proximate result of Defendant's actions and/or inactions, Plaintiffs were damaged.

201.  George Junior Republic was deliberately indifferent to a sexually hostile culture with a heightened risk of sexual harassment within its programs and facilities by, among other things:

    a.  Failing to address children and families' reports of sexual abuse and/or discouraging youth from reporting such abuse;

    b.  Failing to promptly and adequately investigate, remedy, and respond to complaints about sexual abuse at George Junior Republic;

    c.  Allowing staff members with known complaints of prior sexual harassment of youth to have further access to George Junior Republic residents and patients;

    d.  Failing to adequately supervise staff members, particularly during vulnerable nighttime hours, and allowing staff members to take youth on unsupervised outings where sexual abuse occurred; and

    e.   Failing to maintain appropriate numbers of staff to ensure that there were no blind spots where abuse could go undetected.

202.  George Junior Republic's creation of and deliberate indifference to a sexually hostile culture increased the risk that Plaintiffs would be sexually harassed. By failing to set appropriate sex discrimination policies, this risk of sexual harassment was increased even further.

203.  Because George Junior Republic failed to take corrective measures to curb the pattern and practice of sexual abuse towards its patients at George Junior Republic, instead allowing this conduct to prevail, Plaintiffs suffered emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, and physical manifestations of this emotional distress. Plaintiffs' damages were the direct and proximate result of Defendant's actions and/or inactions.

204.  In subjecting Plaintiffs to this wrongful treatment as described, and through its violations of Title IX, George Junior Republic acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and oppression. Plaintiffs are therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendant, in a sum to be shown according to proof.

205.  Furthermore, Plaintiffs request the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT 2 – Violations of Title IX 20 U.S.C. § 1681(A) *et seq.* – Deliberate Indifference to Prior Sexual Harassment

206.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

207. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."

208. Title IX is implemented through the Code of Federal Regulations. C.F.R. § 106.8(b) provides: ". . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."

209. George Junior Republic's programs and facilities consist of educational programs including day schools, special education programs, vocational training, therapeutic boarding schools, and residential education programs. Education is a primary aspect of the services George Junior Republic provides to its patients and residents, placing George Junior Republic squarely in the purview of Title IX.

210. George Junior Republic regularly receives financial assistance and is therefore subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq.*

211. As explained in Title IX guidance issued by the U.S. Department of Education's Office for Civil Rights, sexual harassment of students is a form of sex discrimination covered by Title IX.

212. Sexual harassment is unwelcome conduct of a sexual nature, including unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature.

213. Title IX covers all programs of a school that receives any federal financial assistance, and covers sexual harassment—including sexual assault—by school employees, students, and third parties.

214. Title IX requires Defendant to promptly investigate all allegations of sexual harassment, including sexual assault and abuse.

215. Before Plaintiffs were abused while at George Junior Republic, George Junior Republic had actual knowledge of prior sexual abuse, harassment, and assault of youth in their facilities, dating back for decades.

216. Based on these prior repeated incidents of sexual abuse and assault, Defendant had actual knowledge of the substantial risk that Plaintiffs would be sexually harassed, abused, or assaulted at George Junior Republic.

    a. Addressing children and families' prior reports of sexual abuse and encouraging youth to openly report sexual advances by staff members;

    b. Thoroughly investigating and terminating the employment of staff members with known complaints of prior sexual abuse and harassment of youth;

    c. Increasing the quality of staff supervision, particularly during vulnerable nighttime hours, and allowing staff members to take youth on unsupervised outings where sexual abuse occurred;

    d. Maintaining appropriate numbers of staff to ensure that there were no blind spots where abuse could go undetected; and

    e. Improving George Junior Republic's physical facilities to increase visibility such that no concealed areas remained where abuse could occur undetected.

217. With this knowledge, George Junior Republic had the authority to address the pervasive risk of sexual abuse in its programs, and had the authority to take corrective measures, including by:

218. George Junior Republic's failure to address the substantial risk of sexual abuse in its programs and facilities, given prior complaints and reports about past abuse, and its failure to set appropriate sex discrimination policy, was clearly unreasonable in light of the known circumstances.

219. By its acts and omissions, George Junior Republic was deliberately indifferent to the substantial risk that Plaintiffs would be sexually harassed, abused, and/or assaulted while at George Junior Republic.

220. As a result of Defendant's deliberate indifference to this pervasive culture of sexual harassment, Plaintiffs were subjected to severe sexual abuse as children in George Junior Republic's programs.

221. Because George Junior Republic did not take corrective measures to curb the pattern and practice of sexual abuse towards children at George Junior Republic, instead allowing this conduct to prevail,

Plaintiffs suffered emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, and physical manifestations of this emotional distress. Plaintiffs' damages were the direct and proximate result of Defendant's actions and/or inactions.

222. The sexual harassment suffered by Plaintiffs was so severe, pervasive, and objective offensive that it effectively barred their access to education opportunities and benefits, including a safe educational environment, full access to their treatment program, and appropriate medical care while at George Junior Republic.

223. In subjecting Plaintiffs to this wrongful treatment as described, and through its violations of Title IX, George Junior Republic in its efforts to avoid bad publicity and maintain its public image acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and oppression. Plaintiffs are therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendant, in a sum to be shown according to proof.

224. Furthermore, Plaintiffs request the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT 3 – Violations of Title 42 (42 U.S.C. § 1983 *et seq*.) –Civil Rights Deprivation

225. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

226. While obtaining an education and otherwise residing at the Defendant's facility Plaintiffs had a right to have their civil rights protected and safeguarded.

227. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical and sexual abuse and unreasonable uses of force from Defendants. These

Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

228.  The School acts as an arm of the states and Commonwealth, where it operates, providing a core public function, and is a state governmental actor for 42 U.S.C. § 1983 liability purposes.

229.  The School failed, with deliberate indifference, to provide a safe custodial setting for Plaintiffs and the Class, by failing to properly train, supervise, and discipline the staff at the School, including all John Does. As a proximate result of the School's policies, practices, and customs, the Defendants, and the John Doe Defendants subjected and/or allowed to be subjected, Plaintiffs and the Class to physical and/or sexual abuse.

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### Pennsylvania State Law Claims

### <u>COUNT 4 – Negligence</u>

230.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

231.  Defendant had a duty to act reasonably and to maintain a safe environment for Plaintiffs and the Class while within the Defendant's care.

232.  George Junior Republic acted with a lack of care towards Plaintiffs through its acts and omissions, including: allowing and authorizing a culture of abuse at George Junior Republic facilities; failing to train and educate staff regarding the identification and reporting of abuse; failing to properly supervise youth attending George Junior Republic programs; failing to adequately train staff regarding best practices when working with youth with intellectual and developmental disabilities and youth with

advanced mental health needs; failing to adequately supervise staff members to proactively identify and curtail signs of abuse; failing to maintain George Junior Republic facilities so as to eliminate "blind spots" where abuse could easily occur without detection; failing to instruct supervisors regarding circumstances indicating a high risk of abuse; failing to monitor Plaintiffs' wellbeing while in George Junior Republic programming so as to detect incidents of abuse; failing to take adequate and appropriate measures after learning about repeated known incidents of physical, sexual and emotional abuse within George Junior Republic programs; and failing to prevent serious and lasting psychological, physical, and emotional harm to youth in George Junior Republic programs.

233.  Moreover, George Junior Republic's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its patients exacerbates and amplifies the trauma of the actual abuse due to institutional betrayal.

234.  These actions deprived Plaintiffs of educational opportunities.

235.  By failing to exercise ordinary care through their acts and omissions, George Junior Republic caused harm to Plaintiffs.

236.  Because of Defendant's breach of their duty of care, Defendant foreseeably caused physical and emotional harm to Plaintiffs.

**WHEREFORE,** Plaintiffs, demand judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 5 – Negligent Hiring

237.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

238. George Junior Republic is required to make an appropriate investigation of all employees staffed at their facilities. This duty requires that potential applicants are thoroughly and appropriately screened to ensure that they will provide safe care for the vulnerable children in Defendant's programs.

239. George Junior Republic knew or should have known that the employment of the staff members who abused Plaintiffs posed a risk or hazard to the youth in their treatment programs. With a thorough background check and investigation of applicants' prior work history, personal and professional references, and potential "red flags", George Junior Republic would have known that these employees were not suitable for the particular duty of caring for children.

240. It was unreasonable for George Junior Republic to hire employees whom George Junior Republic should have known, based on reasonable pre-hiring screening, were unsuitable to work in a behavioral health center for children and adolescents with cognitive differences and advanced mental health needs.

241. As detailed above, Plaintiffs were harmed by various George Junior Republic staff members. These harms include: physical abuse, sexual assault, and withholding meals.

242. Because of George Junior Republic's negligent hiring practices, Plaintiffs were proximately harmed by these employees. Had George Junior Republic shown due care in the screening of its employees, George Junior Republic staff members would not have been given the access and opportunity to physically, sexually, and emotionally abuse Plaintiffs.

**WHEREFORE,** Plaintiffs, demand judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## **COUNT 6 – Negligent Retention**

243. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

244. George Junior Republic became aware or reasonably should have become aware that its employees were engaged in acts of physical, sexual, and/or emotional abuse of George Junior Republic patients and residents, and yet failed to investigate, discharge, or reassign these employees.

245. George Junior Republic reasonably should have known that its staff physically and sexually abused Plaintiffs while in their care. With reasonable supervision, protocols, and checkpoints in place, George Junior Republic should have been aware of these egregious acts. Despite the fact that George Junior Republic reasonably should have known about this abuse, Defendant allowed the abuse to occur and retained the employees responsible for these heinous acts without taking corrective action.

246. George Junior Republic reasonably should have known that George Junior Republic staff verbally and physically abused Plaintiffs. Plaintiffs even reported this abuse to George Junior Republic, putting them on actual notice of their employee's bad acts. George Junior Republic also should have known staffers routinely watched and groomed Plaintiffs for sexual abuse. With reasonable supervision and protocols in place, George Junior Republic should have known about each of these incidents. Despite the fact that George Junior Republic reasonably should have known about this abuse, Defendant allowed the abuse to occur and retained the employees responsible for these heinous acts without taking corrective action.

247. George Junior Republic reasonably should have known that George Junior Republic staff abused Plaintiffs via withholding food from them as punishment. Had George Junior Republic adequately supervised its employees, George Junior Republic reasonably would have known about these incidents. Despite the fact that George Junior Republic reasonably should have known about this abuse, it allowed the abuse to occur and retained the employees responsible for these heinous acts without taking corrective action.

248. George Junior Republic reasonably should have known that George Junior Republic staff members named herein this Complaint sexually abused Plaintiffs on the Defendant's property. Had George Junior Republic adequately and appropriately supervised and exercised control over its staff, they would have

been aware of the abuse that occurred to Plaintiffs. Despite the fact that George Junior Republic reasonably should have known about this abuse, Defendant allowed the abuse to occur and retained the employees responsible for these heinous acts without taking corrective action.

249.  George Junior Republic reasonably should have known that multiple male George Junior Republic staffers were physically abusing Plaintiffs. Had George Junior Republic adequately and appropriately supervised and exercised control over its staff, George Junior Republic would have been aware of the abuse that occurred to Plaintiffs. Despite the fact that Defendant reasonably should have known about this abuse, Defendant allowed the abuse to occur and retained the employees responsible for these heinous acts without taking corrective action.

250.  George Junior Republic reasonably should have known, and did in fact know, Plaintiffs were abused by George Junior Republic staff members when multiple Plaintiffs showed physical signs of abuse, including marks on their bodies and an extremely swollen arms, legs, and wrists. Despite George Junior Republic's knowledge via repeated reports about staff members named herein this Complaint and others employed by them yet did not independently investigate, transfer, or fire this employee, instead allowing the abuse of Plaintiffs to happen time and time again.

251.  Defendant reasonably should have known of the abuse of each Plaintiff, yet negligently retained the employees responsible for the abuse. Because of Defendant's breach of their duty to take action to prevent reasonably foreseeable harm by their employees under these circumstances, each Plaintiff was grievously harmed.

**WHEREFORE,** Plaintiffs, demand judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT 7 – Negligent Supervision

252.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

253.  Defendant, George Junior Republic, knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents in their relationships with young children.

254.  Defendant, George Junior Republic, knew or should have known of the particular risk posed by the staff members named within the Complaint and others based on, among other things, their inappropriate and/or questionable conduct, their history of sexually, physically, and/or emotionally abusing children, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a young minor child, including the abuse by the staff members named within the Complaint and others and/or other staff members of Plaintiffs.

255.  The staff members named within the Complaint and others and/or other staff members' sexual abuse of Plaintiff gradually increased in frequency and intensity over time.

256.  The negligence, carelessness, and/or recklessness of Defendant, George Junior Republic, for the conduct of their actual or apparent staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of the staff members named within the Complaint and/or other staff members consists of one or more of the following:

257.  Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or teachers and/or counselors in the employ of George Junior Republic and/or Defendant;

258.  Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of the staff members named

41

within the Complaint and/or other staff members and the relationship of the staff members named within the Complaint and others and/or other staff members with Plaintiffs; and

259.  Failing to investigate and supervise the staff members named within the Complaint and/or other staff members and their relationship with Plaintiffs.

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

<u>**COUNT 8 – Gross Negligence**</u>

260.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

261.  George Junior Republic owed Plaintiffs a duty to provide a safe environment with adequate protection, supervision, and care while in their custody.

262.  George Junior Republic acted with a lack of care towards Plaintiffs by demonstrating a conscious disregard or indifference towards their safety and wellbeing and significantly departing from how a reasonably careful person would act under the circumstances.

263.  At all relevant times, George Junior Republic owed a duty to Plaintiffs to implement practices and policies to:

   a.  Prevent sexual, emotional, and physical abuse of youth by George Junior Republic staff;

   b.  Prohibit and prevent romantic or sexual relationships between youth and George Junior Republic staff;

   c.  Prohibit grooming and other sexually exploitative behavior by George Junior Republic staff;

   d.  Require the prompt reporting of any allegations or suspicions of sexual, physical or emotional abuse of youth in George Junior Republic programs by staff or by peers;

    e.   Require the independent investigation of all reports of sexual, physical, or emotional abuse of youth in George Junior Republic programs;

    f.   Mandate the training of all staff who work directly with youth in George Junior Republic programs regarding sexual abuse, sexual relationships with residents, grooming, sexual reactivity, the prohibition thereof, and reporting obligations;

    g.   Protect Plaintiffs and from such abuse and foreseeable risks; and

    h.   Provide a safe environment for children with disabilities and mental health needs free from sexual abuse, harassment, and physical harm.

264.  Defendant's duty arose from taking responsibility for the care and custody of youth attending their programs.

265.  George Junior Republic acted recklessly and indifferently as the entity responsible for the care and custody of children with disabilities and advanced mental health needs who sought out George Junior Republic for treatment, growth, and education, including Plaintiffs.

266.  George Junior Republic knew or should have known that by failing to take appropriate measures with respect to the lack of appropriate training, supervision, and oversight of its facilities and employees who work closely with children and young adults suffering with advanced mental health needs, intellectual and developmental disabilities, and low IQs, George Junior Republic created an unreasonable risk of harm to Plaintiffs so great that it was highly probably that the harm would result.

267.  As one of the nation's largest behavioral healthcare organizations, George Junior Republic is or should be acutely aware of the delicate nature of working with these youth and the likelihood of abuse and harm resulting from the failure to closely monitor, train, and supervise their staff. George Junior Republic thus owed its resident youth a duty to protect them from the foreseeable risk of staff who take advantage of this power differential for improper purposes.

268.  The power differential between children with physical, emotional and/or intellectual disabilities and behavioral health staff is distinctively extreme. Youth with disabilities are easily targeted because they are more likely to be perceived as weak or vulnerable, and are seen as less likely to report abuse, especially when the victim has limited communication abilities or cognitive impairments. Especially in a group home or residential treatment setting, abuse can more easily be hidden and children Granger have limited access to police, advocates, or social services representatives who can intervene.134

269.  By recklessly failing to keep these children safe while in its care and custody, George Junior Republic exhibited a willful disregard for necessary precautions to reasonably protect Plaintiffs.

270.  As a direct and proximate result of Defendant's reckless indifference to Plaintiffs, Plaintiffs have suffered and/or continue to suffer from physical pain and suffering, mental and emotional distress and suffering, physical manifestations of this distress, loss of self-esteem, anxiety, fright, grief, humiliation and loss of enjoyment of life. Plaintiffs were prevented and will continue to be prevented from performing their activities of daily living due to the gross negligence of George Junior Republic.

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT 9 – Negligent Misrepresentations and Omissions

271.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

272.  In the course of their business, Defendant presents itself as maintaining a gold standard in the field of behavioral health treatment for troubled youth. George Junior Republic's website describes its "core values" of compassion, knowledge, collaboration, dedication, learning and progress. George Junior Republic details its commitment to serving the community, and its use of a philosophy of care which

"integrates the latest scientific and medical advancements with time-tested philosophies and compassionate family engagement to provide practical, effective and efficient care, making a meaningful difference in the lives of those we serve, and the world around them."

273.  Defendant's website also describes its "commitment to safety and security," detailing the organization's recent formalization of its safety and security protocols through an evolved culture of Servant Leadership and a dedicated commitment to operational, clinical and risk management best practices. Through its advertising, George Junior Republic represented to Plaintiffs and their families that adequate practices and protocols were in place at their facilities to ensure the safety of children placed in their care to receive treatment. What George Junior Republic failed to mention in their advertising, however, is the repeated pattern of sexual abuse and exploitation of young people who enter their programs.

274.  George Junior Republic's website and advertising misrepresents material facts regarding the quality of its programs, as George Junior Republic fails to demonstrate an actual commitment to safety or security for its patients, students and residents. Thus, Defendant's representations were not true, as George Junior Republic negligently supervised and managed their facilities in such a way that children routinely suffered sexual, physical, and emotional abuse while under their watch.

275.  Plaintiffs and their family members relied on Defendant's representations about the quality of their programs in choosing to enroll in treatment at George Junior Republic.

276.  George Junior Republic knew or should have known that the representations about the quality of their programs – especially the safety and security of their patients, students and residents – would be relied upon by those individuals and their families.

277.  Plaintiffs were harmed because of George Junior Republic's negligent misrepresentations about the safety and security of their programs. Plaintiff parents and guardians reasonably relied on George Junior

Republic's representations of safety and security, and were thereby harmed when they unknowingly placed their children in George Junior Republic's custody.

**WHEREFORE,** Plaintiffs, demand judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 10 – Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq*.

278.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

279.  The UTPCPL prohibits acts of unfair competition and "unfair or deceptive acts or practices."

280.  George Junior Republic is a "person" as defined by 73 P.S. § 201-2 and has engaged in "trade" or "commerce" as defined by 73 P.S. § 201-2.

281.  Plaintiffs are "person[s]" as defined by 73 P.S. § 201-2 who, through their parents and/or guardians, purchased behavioral health treatment services from George Junior Republic.

282.  George Junior Republic's acts and practices were intended to and did result in the continued sale of services to Plaintiffs, and those acts and practices violated the UTPCPL, 73 P.S. § 201-2, including by:

   a.  Representing that their services had characteristics or benefits that they did not have;

   b.  Representing that their services were of a particular standard, quality or grade, when they were not;

   c.  Advertising services with intent not to sell them as advertised; and

   d.  Engaging in any other fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding.

283. George Junior Republic's acts and practices violated the UTPCPL because George Junior Republic failed to disclose information that was material to Plaintiffs' transactions with them:

    a. When advertising its services as a behavioral health provider, George Junior Republic knowingly and intentionally failed to disclose and actively concealed that it did not have reasonable and appropriate safeguards, systems and processes in place to safely provide care and treatment free from abuse for Plaintiffs.

    b. George Junior Republic knowingly and intentionally failed to disclose and actively concealed that youth in George Junior Republic programs had for decades been victims of sexual, physical, and emotional abuse by George Junior Republic staff, and that George Junior Republic did not take appropriate actions in response to this known abuse.

284. George Junior Republic had ample means and opportunities to alert Plaintiff sat the outset to the fact that it was not employing appropriate processes, protocols, and safeguards to reasonably protect the youth in its programs and facilities. George Junior Republic later had means and opportunities to alter Plaintiffs and their family that Plaintiffs had suffered abuse while being treated in one of Defendant's behavioral health centers, yet failed to do so.

285. Plaintiffs and their families justifiably and reasonably relied on the assurances, promises, and representations George Junior Republic made regarding the safety, security of their treatment centers. Had George Junior Republic made the above disclosures, revealing to Plaintiffs and their families that in reality, George Junior Republic's patient were prone to frequent sexual, physical, and emotional abuse by staff, and that George Junior Republic did not have adequate procedures and policies in place to adequately protect and care for vulnerable children, Plaintiffs would not have been sent to George Junior Republic for their treatment.

286. George Junior Republic had the duty to accurately disclose the nature, safety, and quality of its behavioral health centers because it made partial representations about the safety and quality of its

facilities. George Junior Republic volunteered this specific information to Plaintiffs through advertising, on its website, and in documents that its behavioral health treatment centers provided high quality services, including representations that George Junior Republic places a great emphasis on the safety and security of its programs. George Junior Republic had superior and exclusive knowledge about the actual safety of its facilities and programs compared to Plaintiffs, yet actively concealed this information from Plaintiffs and their families.

287.  As a direct and proximate result of Defendant's deceptive acts and practices in violation of the UTPCPL, Plaintiffs have suffered actual damages caused by the sexual and/or physical abuse they endured while at George Junior Republic. George Junior Republic's misleading statements and omissions were a substantial factor in causing Plaintiffs' harms.

288.  Plaintiffs are accordingly entitled to actual damages, equitable relief, reasonably attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining George Junior Republic from its unlawful, fraudulent and deceitful activities.

WHEREFORE, Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 11 – Vicarious Liability

289.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

290.  When each Plaintiff was sexually, physically, and/or emotionally abused by George Junior Republic staff members, these staff members were acting within their scope of employment in supervising and providing treatment to George Junior Republic patients.

291.  George Junior Republic is vicariously liable under the doctrine of *respondeat superior* for the tortious conduct committed by their staff members during their staff's treatment of children at George Junior Republic.

292.  George Junior Republic staff members' sexual, physical, and/or emotional abuse of Plaintiffs constitutes an assault or battery, as detailed further below.

293.  George Junior Republic ratified their staff members' abusive conduct towards Plaintiffs by failing to discipline, take corrective action, and/or report the child abuse. For decades, George Junior Republic has sanctioned this culture of abusive behavior by their staff, as described above.

294.  These tortious acts were also foreseeable, as George Junior Republic was aware of repeated incidents of sexual, physical, and emotional abuse of George Junior Republic patients within their facilities. George Junior Republic knew that their patients, including Plaintiffs, were particularly susceptible to abuse as youth with disabilities and critical mental health needs. George Junior Republic knew, or reasonably should have known, that by failing to implement appropriate procedures, policies, and safeguards, it was highly foreseeable that their staff would continue to abuse vulnerable children in their treatment programs, including Plaintiffs.

295.  As a direct and proximate result of George Junior Republic's employees' abuse towards Plaintiffs, Plaintiffs have suffered physical harms and have suffered and will continue to suffer emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, and physical manifestations of this emotional distress.

**WHEREFORE,** Plaintiffs, demand judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**COUNT 12 – Negligent Infliction of Emotional Distress**

296.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

297.  Pursuant to Pennsylvania law, George Junior Republic's negligent acts and omissions constitute the negligent infliction of emotional distress, as: 1) George Junior Republic acted negligently, as described above; 2) George Junior Republic's negligence placed Plaintiffs in the zone of danger of physical impact or injury, as each plaintiff was physically abused by George Junior Republic staff; and 3) Plaintiffs suffered emotional distress as a result of George Junior Republic's negligent conduct. Pa. SSJI (Civ) § 13.40, *et seq*. and other related and applicable laws and statutes.

298.  Moreover, George Junior Republic's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its patients exacerbates and amplifies the trauma of the actual abuse due to institutional betrayal.

299.  Plaintiffs and the Class suffered physical injury as a result of Defendants' conduct.

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 13 – Intentional Infliction of Emotional Distress

300.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

301.  Defendant's conduct is extreme and outrageous.

302.  George Junior Republic's actions and inactions were outrageous and extreme, shocking, atrocious, and intolerable. Their conduct goes beyond the possible bounds of decency, and George Junior Republic acted with the reckless disregard of the probability that Plaintiffs would suffer emotional distress as a result. Pa. SSJI (Civ) § 17.40 *et seq*. and other related and applicable laws and statutes.

303.  George Junior Republic's conduct was a substantial factor in causing severe emotional and psychological distress to Plaintiffs. This distress was of such an intensity that no reasonable person should be expected to endure it.

304.  Moreover, George Junior Republic's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its patients exacerbates and amplifies the trauma of the actual abuse due to institutional betrayal.

305.  By permitting a culture of systematic physical, emotional, and sexual abuse at George Junior Republic facilities, George Junior Republic caused Plaintiffs to suffer, among other things, appalling and deplorable acts of physical, sexual, and/or emotional abuse, and the resulting pain, suffering, humiliation, grief, shame, disgust, anxiety, nervousness, shock, distrust, and loss of enjoyment of life. Plaintiffs will continue to suffer from these enduring harms, and have incurred/will continue to incur lost earnings, lost earning capacity, and expenses for psychological treatments and counseling.

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 14 – Breach of Fiduciary Duty

306.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

307.  George Junior Republic, as a service provider for youth with disabilities and advanced behavioral and mental health needs, owes a fiduciary duty to act in the best interests of the youth they serve. When a child is placed in a George Junior Republic facility, George Junior Republic assumes the fiduciary duty to ensure that the child receives appropriate care and is safe from foreseeable harms.

308.  By allowing and authorizing a culture of physical, emotional, and sexual abuse in its programs and facilities, repeatedly failing to report child abuse in its facility, allowing youth to be systematically abused while in George Junior Republic programs, inadequately training and supervising Direct Support Professionals, failing to maintain safe premises for youth which eliminated "blind spots," and failing to monitor Plaintiffs' wellbeing so as to detect signs of abuse, among other failures, acts, and omissions as previously described, George Junior Republic has breached their fiduciary duty towards Plaintiffs.

309.  Plaintiffs were thereby harmed by Defendant's breach of this fiduciary duty.

**WHEREFORE,** Plaintiffs, demand judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 15 – Injunctive and Equitable Relief

310.  Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

311.  Class members are currently at risk of irreparable harm due to Defendant's failure to enact and enforce appropriate and sufficient policies, procedures, and processes for the prevention of physical, emotional, and sexual abuse of youth enrolled in their programs and residing in their facilities. On behalf of the Class, Plaintiffs seek injunctive and equitable relief requiring George Junior Republic to implement institution-wide policies and practices to prevent continued abuse within their programs.

312.  The risk of irreparable harm that Plaintiffs and Class Members face is higher than the general societal risk of these harms, and that increased risk is directly traceable to the actions and inactions of George Junior Republic.

313.  These harms through which George Junior Republic has placed Plaintiffs and Class Members at risk are irreparable. Child abuse, whether it be physical, emotional, or sexual abuse, and the trauma, pain,

and suffering that it creates, cannot be undone. Youth, especially youth with disabilities and advanced mental health and behavioral needs, carry the trauma they endured as children with them for the rest of their lives. No monetary compensation can reverse this pain. Therefore, proactive injunctive relief is necessary to eliminate the increased risk posed by Defendant's actions and inactions in order to protect Plaintiffs and Class Members from irreparable harm.

314. The common injury suffered by Plaintiffs and the Class – being placed at heightened risk of sexual, physical, emotional abuse, deprivation of educational opportunities, and assault by George Junior Republic – will be redressed by the requested injunctive relief.

    a. Protect students from physical, emotional, and sexual abuse while placed in George Junior Republic programs and facilities;

    b. Promptly and thoroughly report known and reasonably suspected of physical, emotional, and sexual abuse at George Junior Republic;

    c. Properly respond to this child abuse when it occurs; and

    d. Supervise, monitor, and prevent George Junior Republic staff from committing acts of abuse against child patients and residents.

315. George Junior Republic has a duty, triggered by federal and state law, to protect its patients and residents. This duty includes a responsibility to:

    a. Protect students from physical, emotional, and sexual abuse while placed in George Junior Republic programs and facilities;

    b. Promptly and thoroughly report known and reasonably suspected of physical, emotional, and sexual abuse at George Junior Republic;

    c. Properly respond to this child abuse when it occurs; and

    d. Supervise, monitor, and prevent George Junior Republic staff from committing acts of abuse against child patients and residents.

316.  George Junior Republic has breached its duty towards Plaintiffs and Class Members by failing to implement and enforce necessary and appropriate policies, procedures, and protocols to prevent and address incidents of child abuse in George Junior Republic's programs and facilities.

317.  Accordingly, Plaintiffs, on behalf of themselves and the Class, request that the Court issue an Order requiring George Junior Republic to implement and enforce best-practice policies and procedures for the prevention of, and response to, physical, emotional, and sexual abuse at George Junior Republic.

318.  In crafting their specific injunctive relief demands, Plaintiffs intend to consult with experts to determine the best practices that should be implemented in order to prevent further child abuse at George Junior Republic. By way of example, such policies and practices Granger include:

    a.  rigorous hiring and screening protocols;

    b.   revised guidelines governing interactions between staff and youth;

    c.  robust sexual reactivity training for Direct Support Professionals (DSPs);

    d.  improved training for DSPs regarding de-escalation techniques;

    e.  increased supervision of DSPs, especially during the most vulnerable nighttime windows;

    f.  compliance with physical building requirements to increase visibility such that individuals cannot commit abuse in concealed areas; and

    g.  improved video monitoring infrastructure.

## **PRAYER FOR RELIEF**

319.  Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein.

320.  Plaintiffs, individually and on behalf of the Class, respectfully request the Court to enter judgment on their behalf and on behalf of the Class as follows:

a. Certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, as requested above, appointing Plaintiffs as Class representatives, and appointing Plaintiffs' counsel as counsel for the Class;

b. Issuing appropriate notice to the Class at Defendants' expense;

c. Declaring that Defendants have violated their Mandatory Reporting Obligations;

d. Ordering Defendants to meet their obligations under 23 Pa. C. S. § 6311 and 49 Pa. C. S § 45.402, and all other applicable child abuse reporting laws, for all states in which they operate, on both a historical and going-forward basis and supply sufficient evidence to the Court they have and will continue to do so;

e. Ordering Defendants to make a complete disclosure of all records and information in their possession, custody, or control during the time period from January 1, 2000, to the present pertaining to the abuse of students at the School. Plaintiffs request that the Court appoint a special master and/or take other appropriate measures to ensure sensitive information about the victims of Defendants' abuse remains confidential (unless authorized by a victim/survivor) and, additionally, provide a mechanism for the victims of abuse to review records pertaining to them to verify that they exist, are accurate, and complete, and are available to be reviewed by Pennsylvania and/or other government officials and law enforcement agents;

f. Ordering appropriate injunctive, declaratory, and other equitable relief;

g. Issuing a writ of mandamus commanding Defendants to report, as required by 23 Pa. C. S. § 6311, all child abuse presently known or suspected by them, and to submit proof of compliance with such order to the Court within 10 days of such order;

h. Awarding Plaintiffs and Class members compensatory, restitutionary, general, consequential, punitive, and exemplary damages in an amount to be determined at trial;

i. Awarding pre-judgment and post-judgment interest as permitted by law;

j.   Awarding reasonable attorneys' fees and costs, including expert fees as provided for by law; and

k.   Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

320.  Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs,

as fully as though the same were set forth herein at length.

321.  Plaintiffs demand a jury on all claims triable as a matter of right.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor Philadelphia, PA 19102
**ATTORNEY FOR PLAINTIFFS**
*DATE*: March 9, 2023

## <u>VERIFICATION</u>

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal under both state and United States law.


Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFFS**
*DATE*: March 9, 2023