**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINTIS CLARK and CHARLES SLADE, III and ALEXANDER GRANGER and JESSE MYERS and DONTE WEBB and STANLEY POSTELL and HOLDEN HASTINGS and ISRAEL BERRIOS and JOSEPH ALBINO and KEYON LUCAS and OMONTAY MONROE and ESTES WALKER, | : | NO. 2:23-cv-00922-KBH |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiffs | : | |
| v. | : | |
| GEORGE JUNIOR REPUBLIC and GEORGE JUNIOR REPUBLIC IN PENNSYLVANIA, and JOHN/JANE DOES 1-100, | : | |
| Defendants. | : | |

**<u>DEFENDANT, GEORGE JUNIOR REPUBLIC'S ANSWER AND NEW MATTER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>**

Defendant, George Junior Republic (hereinafter "Answering Defendant" and/or "GJR"), by and through its counsel, hereby submits the instant Answer and New Matter to Plaintiffs' Amended Class Action Complaint and, in support thereof, avers as follows:

1. Admitted in part; denied in part. It is hereby admitted only that George Junior Republic is a named Defendant in the present action. It is specifically

denied that George Junior Republic is a "School". The remaining allegations in the corresponding paragraph of Plaintiffs' Amended Class Action Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

2. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

3. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

4. Admitted in part, denied in part. Answering Defendant admits only that Plaintiffs reference the website https://gjr.org/ in Paragraph 4 of the Amended Class Action Complaint. Answering Defendant denies any characterization, inference or conclusion drawn therefrom. Answering Defendant further states that the contents of the referenced website speak for themselves and denies any allegations inconsistent therewith. The remaining allegations contained in this paragraph of Plaintiffs' Amended Class Action

Complaint are denied as conclusions of law to which no response is required.

5. Admitted in part, denied in part. Answering Defendant admits only that Plaintiffs quote the website https://gjr.org/ in Paragraph 5 of the Amended Class Action Complaint. Answering Defendant denies any characterization, inference or conclusion drawn therefrom. Answering Defendant further states that the contents of the quoted website speak for themselves and denies any allegations inconsistent therewith. The remaining allegations contained in this paragraph of Plaintiffs' Amended Class Action Complaint are denied as conclusions of law to which no response is required.
6. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Class Action Complaint are specifically denied.
7. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
8. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response

is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

9. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

10. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

11. Admitted in part, denied in part. Answering Defendant admits only that Plaintiffs reference the website https://gjr.org/ in Paragraph 11 of the Amended Class Action Complaint. Answering Defendant denies any characterization, inference or conclusion drawn therefrom. Answering Defendant further states that the contents of the referenced website speak for themselves and denies any allegations inconsistent therewith. It is also specifically denied that George Junior Republic is a "School". The remaining allegations contained in this paragraph of Plaintiffs' Amended Class Action Complaint are denied as conclusions of law to which no response is required.

12. Admitted in part, denied in part. Answering Defendant admits only that Plaintiffs reference the website https://gjr.org/ in Paragraph 12 of the Amended Class Action Complaint. Answering Defendant denies any characterization, inference or conclusion drawn therefrom. Answering Defendant further states that the contents of the referenced website speak for themselves and denies any allegations inconsistent therewith. It is also specifically denied that George Junior Republic is a "School". The remaining allegations contained in this paragraph of Plaintiffs' Amended Class Action Complaint are denied as conclusions of law to which no response is required.
13. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
14. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
15. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

16. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

17. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

18. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

19. Admitted in part; denied in part. It is admitted only that other lawsuits have been filed against Answering Defendant. Answering Defendant denies any characterization, inference or conclusion drawn therefrom. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

20. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

21. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

22. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

## JURISDICTION AND VENUE

23. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
24. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
25. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
26. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
27. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
28. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

## PARTIES

29. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

30. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

31. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

32. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

33. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

34. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

35. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
36. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
37. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
38. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
39. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
40. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
41. Admitted.

42. Denied. This paragraph solely refers to an entity who has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, this paragraph is denied. *A true and correct copy of the March 18, 2025 Order is attached hereto as Exhibit "A."*

43. Denied. The corresponding paragraph of Plaintiffs' Amended Class Action Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendant. To the extent a response may be deemed necessary, such allegations are denied.

44. Denied. This paragraph solely refers to an entity who has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, this paragraph is denied. *See Exhibit "A."*

45. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent this paragraph refers to entities who have been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order, no response is required. To the extent a response is required, this paragraph is denied. *See Exhibit "A."*

46. Denied. This paragraph solely refers to individuals other than Answering Defendant. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, this paragraph is denied.

## TOLLING OF STATUTE OF LIMITATIONS

47. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

48. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

49. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

50. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

51. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

52. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

53. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
54. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
55. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
56. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.
57. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations

contained in the corresponding paragraph are specifically denied. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

58. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Said allegations are therefore denied.

59. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

60. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

61. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

62. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

63. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

64. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**FACTUAL BACKGROUND**

**A. Defendants Had a Duty to Provide a Safe and Secure Facility for Juveniles and Provide Education Opportunities Committed Or Otherwise House At The School Pursuant To Constitutional and State Law Mandates.**

65. Denied. This paragraph constitutes conclusions of law to which no further response is required. Answering Defendant denies the allegations in this Paragraph of Plaintiffs' Amended Class Action Complaint. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

66. Admitted in part, denied in part. Answering Defendant admits only that it accepted juveniles pursuant to court orders. The remaining allegations of this paragraph constitutes conclusions of law to which no further response is

required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

67. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

68. Denied. It is specifically denied that George Junior Republic is a "School" or directly provided educational programming. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

69. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

70. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

71. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

72. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

73. Admitted in part, denied in part. Answering Defendant admits only that Plaintiffs reference the website https://www.childwelfare.gov/topics/can/factors/ in Paragraph 73 of the Amended Class Action Complaint. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

74. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

75. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

76. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

77. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
78. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
79. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
80. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
81. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.
82. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

83. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

84. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**B. <u>Facts as to Quintis Clark</u>**

85. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

86. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

87. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

88. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a

reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 88 of the Plaintiffs' Amended Class Action Complaint. The identity of "Supervisor Hurshurger" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

89. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 89 of the Plaintiffs' Amended Class Action Complaint. The identity of "Supervisor Hurshurger" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

90. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set

forth in paragraph 90 of the Plaintiffs' Amended Class Action Complaint. The identity of "another staff member" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

91. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 91 of the Plaintiffs' Amended Class Action Complaint. The identity of "Supervisor Hurshurger" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**C. <u>Facts as to Charles Slade II</u>**

92. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

93. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

94. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

95. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 95 of the Plaintiffs' Amended Class Action Complaint. The identity of "Staff Nurse Assistant" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

96. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 96 of the Plaintiffs' Amended Class Action Complaint. The identity of "Staff Nurse Assistant" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

97. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 97 of the Plaintiffs' Amended Class Action Complaint. The identity of "Staff Nurse Assistant" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

98. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 98 of the Plaintiffs' Amended Class Action Complaint. The identity of "Female Cottage Parent" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

99. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 99 of the Plaintiffs' Amended Class Action Complaint. The identities of "Staff Nurse Assistant" and "Female Cottage Parent" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**D. Facts as to Alexander Granger**

100. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

101. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

102. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

103. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 103 of the Plaintiffs' Amended Class Action Complaint. The identities of "Ms. Betty", "Mr. Steve", and "Mr. Marvin" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

104. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 104 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Betty" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

105. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the

allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 105 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Betty" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

106. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 106 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Betty" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

107. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without

knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 107 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Betty" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

108. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 108 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Betty" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

109. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 109 of the Plaintiffs' Amended Class

Action Complaint. The identities of "Ms. Betty", "Mr. Steve", and "Mr. Mario" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

110. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 110 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Steve" and "Mr. Mario" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

111. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 111 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Steve" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

112. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 112 of the Plaintiffs' Amended Class Action Complaint. The identities of "Ms. Betty", "Mr. Steve", and "Mr. Mario" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**E. <u>Facts as to Jesse Myers</u>**

113. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

114. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

115. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

116. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 116 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. D" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

117. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 117 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. D" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

118. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 118 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. D" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**F. <u>Facts as to Donte Webb</u>**

119. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

120. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

121. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

122. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

123. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 123 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ferguson" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

124. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the

allegations as set forth in paragraph 124 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ferguson" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

125. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 125 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ferguson" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

126. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 126 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ferguson" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

127. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 127 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ferguson" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

128. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 128 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ferguson" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

## G. Facts as to Stanley Postell

129. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 129 of the Plaintiffs' Amended Class Action Complaint. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

130. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 130 of the Plaintiffs' Amended Class Action Complaint. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

131. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 131 of the Plaintiffs' Amended Class Action Complaint. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

132. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 132 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Rex", "Ms. Morgan", and "Mr. Burt" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied. Based on information and belief, Answering Defendant can neither confirm nor deny

Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

133. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 133 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Rex" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

134. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 134 of the Plaintiffs' Amended Class

Action Complaint. The identities of "Ms. Morgan" and "Mr. Burt" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

135. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 135 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Morgan" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

136. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the

allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 136 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Burt" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied. Based on information and belief, Answering Defendant can neither confirm nor deny Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

137. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 137 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Rex", "Ms. Morgan", and "Mr. Burt" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied. Based on information and belief, Answering Defendant can neither confirm nor deny

Plaintiff's, Stanley Postell's, presence at Co-Defendant George Junior Republic in PA's facility during any timeframe.

**H. <u>Facts as to Holden Hastings</u>**

138. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

139. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

140. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

141. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 141 of the Plaintiffs' Amended Class Action Complaint. The identity of "Matt" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

142. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 142 of the Plaintiffs' Amended Class Action Complaint. The identity of "Matt" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

143. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 143 of the Plaintiffs' Amended Class Action Complaint. The identity of "Matt" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

144. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 144 of the Plaintiffs' Amended Class Action Complaint. The identity of "Matt" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

145. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 145 of the Plaintiffs' Amended Class Action Complaint. The identity of "Matt" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

146. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the

allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 146 of the Plaintiffs' Amended Class Action Complaint. The identity of "Matt" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**I. <u>Facts as to Israel Berrios</u>**

147. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

148. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

149. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

150. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 150 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Eric", "Mr. Larmone", and "Ms. Erika" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

151. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

152. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 152 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Eric", "Mr. Larmone", and "Ms. Erika" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

153. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the

allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 153 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Eric", "Mr. Larmone", and "Ms. Erika" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

154. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 154 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Eric" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

155. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without

knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 155 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Eric", "Mr. Larmone", and "Ms. Erika" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**J. <u>Facts as to Joseph Albino</u>**

156. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

157. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

158. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

159. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the

allegations as set forth in paragraph 159 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Beverly" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

160. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 160 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Beverly" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

161. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 161 of the Plaintiffs' Amended Class Action Complaint. The identity of "Ms. Beverly" is lacking specificity for identification

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**K. <u>Facts as to Keyon Lucas</u>**

162. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

163. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

164. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

165. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 165 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Preston" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

166. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 166 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Preston" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

167. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 167 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Preston" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

168. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 168 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Preston" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**L. <u>Facts as to Omontay Monroe</u>**

169. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

170. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

171. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

172. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 172 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Ernie" and "Ms. Jackie" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

173. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 173 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Ernie" and "Ms. Jackie" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

174. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the

allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 174 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Ernie" and "Ms. Jackie" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

175. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 175 of the Plaintiffs' Amended Class Action Complaint. The identities of "Mr. Ernie" and "Ms. Jackie" are lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**M. Facts as to Estes Walker**

176. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

177. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

178. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

179. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 179 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Scott" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

180. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the

allegations as set forth in paragraph 180 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Scott" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

181. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 181 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Scott" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

182. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. Answering Defendant further denies a location existed named Unit #4 Time Out Room on Answering Defendant's premises. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set

forth in paragraph 182 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Scott" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

183. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 183 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Scott" is lacking specificity for identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

184. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. After a reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 184 of the Plaintiffs' Amended Class Action Complaint. The identity of "Mr. Scott" is lacking specificity for

identification and, therefore, the allegations set forth in the corresponding paragraph are specifically denied.

**N. <u>Defendants' Violations of the Constitutional Rights of Plaintiffs and the Class, Abuse of Trust, and Violations of the Standard of Care Pursuant to the States and Commonwealth's Respective Laws, Rules, Regulations and Statutes</u>**

185. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

186. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

187. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

188. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

189. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

190. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

## CLASS ACTION ALLEGATIONS

191. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

192. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

193. Denied. This paragraph constitutes conclusions of law to which no further response is requried. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

194. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

195. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

196. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

197. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

198. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

199. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

200. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

201. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

202. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

203. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

204. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

205. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

206. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

207. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

208. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

209. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

210. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

211. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

212. Denied. It is specifically denied that George Junior Republic is a “School”. This paragraph constitutes conclusions of law to which no further

response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

## CAUSES OF ACTION

### Federal Claims Pursuant to the United States Constitution

### COUNT I – Violation of Title IX 20 U.S.C. §1681 *et seq*. – Creation of Sexually Hostile Culture/Heightened Risk of Sexual Harassment

213. Answering Defendant incorporates by reference the answers to paragraphs 1 through 212 inclusive, as though the same were fully set forth herein at length.

214. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

215. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

216. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

217. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

218. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

219. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

220. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

221. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

222. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

223. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

224. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

225. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

226. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

227. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

228. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

229. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

230. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

231. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

232. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

233. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

234. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

235. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and

against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 2 – Violations of Title IX 20 U.S.C. §1681(a) *et seq*. – Deliberate Indifference to Prior Sexual Harassment**

236. Answering Defendant incorporates by reference the answers to paragraphs 1 through 235 inclusive, as though the same were fully set forth herein at length.

237. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

238. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

239. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

240. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

241. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

242. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

243. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

244. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

245. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

246. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a

response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

247. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

248. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

249. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

250. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

251. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

252. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

253. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

254. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 3 – Violations of Title 42 (42 U.S.C. §1983 *et seq.*) – Civil Rights Deprivation**

255. Answering Defendant incorporates by reference the answers to paragraphs 1 through 254 inclusive, as though the same were fully set forth herein at length.

256. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

257. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

258. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

259. Denied. It is specifically denied that George Junior Republic is a "School". This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**Pennsylvania State Law Claims**

**<u>COUNT 4 – Negligence, Gross Negligence, Recklessness and Wanton Conduct</u>**

260. Answering Defendant incorporates by reference the answers to paragraphs 1 through 259 inclusive, as though the same were fully set forth herein at length.

261. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

262. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

263. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

264. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

265. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

266. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

267. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

268. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

269. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

270. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

271. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

272. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

273. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

274. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

275. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

276. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of

Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 5 – Negligent Hiring**

277. Answering Defendant incorporates by reference the answers to paragraphs 1 through 276 inclusive, as though the same were fully set forth herein at length.

278. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

279. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

280. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

281. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

282. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 6 – Negligent Retention**

283. Answering Defendant incorporates by reference the answers to paragraphs 1 through 282 inclusive, as though the same were fully set forth herein at length.

284. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

285. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

286. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

287. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

288. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

289. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

290. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

291. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint

together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 7 – Negligent Supervision**

292. Answering Defendant incorporates by reference the answers to paragraphs 1 through 291 inclusive, as though the same were fully set forth herein at length.

293. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

294. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

295. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

296. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

297. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

298. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

299. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 8 – Negligent Misrepresentation and Omissions**

300. Answering Defendant incorporates by reference the answers to paragraphs 1 through 299 inclusive, as though the same were fully set forth herein at length.

301. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

302. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

303. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

304. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraph of Plaintiffs' Amended Class Action Complaint, and therefore, denies the same.

305. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

306. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 9 – Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et seq.***

307. Answering Defendant incorporates by reference the answers to paragraphs 1 through 306 inclusive, as though the same were fully set forth herein at length.

308. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

309. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

310. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

311. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

312. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

313. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

314. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

315. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

316. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

317. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

318. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 10 – Vicarious Liability**

319. Answering Defendant incorporates by reference the answers to paragraphs 1 through 318 inclusive, as though the same were fully set forth herein at length.

320. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

321. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

322. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

323. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

324. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

325. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

326. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint

together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 11 – Negligent Infliction of Emotional Distress**

327. Answering Defendant incorporates by reference the answers to paragraphs 1 through 326 inclusive, as though the same were fully set forth herein at length.

328. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

329. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

330. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering

Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 12 – Intentional Infliction of Emotional Distress**

331. Answering Defendant incorporates by reference the answers to paragraphs 1 through 330 inclusive, as though the same were fully set forth herein at length.

332. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

333. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

334. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

335. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

336. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**COUNT 13 – Breach of Fiduciary Duty**

337. Answering Defendant incorporates by reference the answers to paragraphs 1 through 336 inclusive, as though the same were fully set forth herein at length.

338. Denied. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

339. Denied. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the

extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

340. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

341. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

342. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

343. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

344. This paragraph refers to a Count that has been dismissed from this case pursuant to this Honorable Court's March 18, 2025 Order. To the extent a

response is required, the allegations contained in the corresponding paragraph are specifically denied. *See Exhibit "A."*

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

**<u>COUNT 14 – Injunctive and Equitable Relief</u>**

345. Answering Defendant incorporates by reference the answers to paragraphs 1 through 344 inclusive, as though the same were fully set forth herein at length.

346. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

347. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

348. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

349. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

350. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

351. Denied. This paragraph constitutes conclusions of law to which no further response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

352. Denied. Prayer for relief to which no response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

353. Denied. This paragraph, including its subparagraphs, constitutes conclusions of law to which no further response is required. To the extent a

response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against the Plaintiffs, dismissing Plaintiffs' Amended Class Action Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant, as this Honorable Court shall deem appropriate under the circumstances.

## PRAYER FOR RELIEF

354. Answering Defendant incorporates by reference the answers to paragraphs 1 through 353 inclusive, as though the same were fully set forth herein at length.

355. Denied. Prayer for relief to which no response is required. To the extent a response is required, the allegations contained in the corresponding paragraph, including its subparagraphs, are specifically denied.

## JURY TRIAL DEMAND

356. Answering Defendant incorporates by reference the answers to paragraphs 1 through 355 inclusive, as though the same were fully set forth herein at length.

357. Denied. Prayer for relief to which no response is required. To the extent a response is required, the allegations contained in the corresponding paragraph are specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims may be barred by the applicable rules and statute of limitations, they must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Amended Class Action Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

At no time did Answering Defendant deprive any Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C. §1983 or any other state or federally protected right or privilege.

### FOURTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of any Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant fail to provide necessary medical care or otherwise refuse to treat or intentionally mistreat any Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

At all times, each Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

**SEVENTH AFFIRMATIVE DEFENSE**

Any injuries and/or damages actually sustained by Plaintiffs, which are herein specifically denied, were caused by Plaintiffs or other persons, entities or events, over which Answering Defendant had no control or duty to control.

**EIGHTH AFFIRMATIVE DEFENSE**

The treatment afforded to Plaintiffs by Answering Defendant were, at all material times, in accordance with the applicable standards of professional medical care.

**NINETH AFFIRMATIVE DEFENSE**

Answering Defendant pleads all defenses afforded to it pursuant to the MCARE Act at 40 P.S. §1303.101 et seq.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Class Action Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

Answering Defendant raises the defense of qualified immunity to the extent it may be deemed to apply.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant pleads as an affirmative defense all requirements applicable under Pennsylvania's Certificate of Merit rules, Pa.R.C.P.1042.1 *et seq.*, to the extent they may be determined to apply. In the event it is determined that Plaintiffs failed to obtain the required Certificate of Merit, Answering Defendant requests dismissal of Plaintiffs' actions, in whole or in part, and imposition of sanctions in accordance with the Pennsylvania Rules of Civil Procedure.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to bring this litigation

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint fails to show all of the prerequisites of a Class Action as provided by Rule 23(a)(1-4).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Class Action Complaint fails to show the Type of Class Action as provided by Rule 23(b)(1-3).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to obtain a Certification Order and provide Notice as provided by Rule 23(c).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of intervening and superseding causes. Answering Defendant has no ability to anticipate improper or illegal acts of others.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Answering Defendant is not liable for any pre-existing medical conditions which caused the alleged injuries and/or damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Answer Defendant was at all times acting in good faith and in an objectively reasonable manner and with the reasonable belief in the lawfulness of its actions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Answering Defendant reserves the right to amend its Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Dated: May 6, 2024

Respectfully submitted,

**BURNS WHITE LLC**

**By:** Anne S. Frankel

Anne S. Frankel, Esquire (PA ID #209390
1001 Conshohocken State Road, Ste 1-505
West Conshohocken, PA 19428
Phone: (484)567-5754; Fax: (484)567-5701
Email: asfrankel@burnswhite.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Anne S. Frankel, Esquire, hereby certify that on this **6th day of May 2025**, a true and correct copy of the foregoing **Defendant, George Junior Republic's Answer With Affirmative Defenses to Plaintiff's Amended Class Action Complaint** was filed and served upon the following counsel via the Court's ECF System:

Jeffrey F. Parker, Esquire
Brent Wieand, Esquire
Wieand Law Firm, LLC
1800 JFK Blvd, Suite 1400
Philadelphia, PA 19103
jparker@wieandlaw.com
bwieand@wieandlaw.com

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 S. Broad St., 17th Floor
Philadelphia, PA 19102
cornerstonelegalgroup@gmail.com

Respectfully submitted,

**BURNS WHITE LLC**

**By:** Anne S. Frankel

Anne S. Frankel, Esquire (PA ID #209390
1001 Conshohocken State Road, Ste 1-505
West Conshohocken, PA 19428
Phone: (484)567-5754; Fax: (484)567-5701
Email: asfrankel@burnswhite.com
Attorney for Defendant